UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| Kathleen Sanders, | : |
| Plaintiff, | : |
| v. | : Civil Action No.: _____ |
| Mann Bracken, LLP, | : |
| Defendant. | : |

**COMPLAINT**

For this Complaint, the Plaintiff, Kathleen Sanders, by undersigned counsel, states as follows:

**JURISDICTION**

1. This action arises out of Defendant's repeated violations of the Fair Debt Collections Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here and a substantial portion of the acts giving rise to this action occurred here.

**PARTIES**

3. Plaintiff, Kathleen Sanders (hereafter "Plaintiff"), is an adult individual residing at 4815 FM 2204, Kilgore, Texas 75662, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant Mann Bracken, LLP (hereafter "Defendant"), is a Maryland corporation with an address of 702 King Farm Blvd., Rockville, Maryland 20850, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5. The names of the individual collectors are unknown but they will be added by amendment when determined through discovery.

## FACTUAL ALLEGATIONS

6. Plaintiff incurred a financial obligation that was primarily for family, personal or household purposes, and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7. Thereafter, the debt was purchased, assigned or transferred to Defendant for collection from Plaintiff.

8. The Defendant then began attempts to collect this debt from the Plaintiff, which was a "communication" as defined in 15 U.S.C. § 1692a(2).

9. The Defendant made threats of garnishment to the Plaintiff, implying threats of legal action, without the intention of carrying out such threats, in violation of 15 U.S.C. § 1692e(4) and e(5).

10. Upon contacting the Plaintiff, the Defendant used deceptive means of collecting the debt, by demanding the Plaintiff's bank account numbers and thereafter placing a freeze on the Plaintiff's account, in violation of 15 U.S.C. § 1692e(10).

11. The Defendant demanded a $600.00 payment from the Plaintiff, threatening immediate legal action if the payment was not made, without intending to begin legal proceedings against the Plaintiff, in violation of 15 U.S.C. § 1692e(5).

12. The Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, *et seq.*

13. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14. The Defendant threatened the Plaintiff with garnishment, despite having no intention of taking legal action to obtain a judgment permitting the Defendant to proceed with garnishment, in violation of 15 U.S.C. § 1692e(4).

15. The Defendant threatened to take legal action with no intention of taking legal action, in violation of 15 U.S.C. § 1692e(5).

16. The Defendant used deceptive collection practices in an attempt to collect the debt by demanding the Plaintiff's bank account information and by then placing a freeze on the account, in violation of 15 U.S.C. § 1692e(10).

17. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

18. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

### VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT
### MD. CODE COMM. LAW § 14-201, *et seq.*

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The Defendant is a "collector" as defined under MD. Code Comm. Law § 14-201(b).

21. The debt is a "consumer transaction" as defined under MD. Code Comm. Law § 14-201(c).

22. The Defendant attempted to claim and enforce a right which the Defendant did not have a legal right to enforce or claim, in violation of MD. Code Comm. Law § 14-202(8).

23. The Plaintiff suffered emotional distress and mental anguish as a result of the Defendant's repeated contact.

24. The Plaintiff is entitled to damages proximately caused by the Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendant;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

4. Actual damages pursuant to MD. Code Comm. Law § 14-203;

5. Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

6. Punitive damages; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: May 6, 2009

Respectfully submitted,

By  /s/ Forrest E. Mays_____

Forrest E. Mays MD Bar No. 07510
2341 N Forrest Drive, Suite 90
Annapolis, MD  21403
Telephone: (410) 267-6297
Facsimile: (410) 267-6234
Email: mayslaw@mac.com
MD Bar No. 07510

Of Counsel To
LEMBERG & ASSOCIATES L.L.C.
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (877) 795-3666